*Court Filing Record*

*Court: United States Court of Appeals for the Ninth Circuit*

*Date Submitted: 11-16-2022*

*Date Filed:11-16-2022*

*Case No.: 22-35830*

*Inmate Name: David Meister*

*Inmate No.: 70703*

*Document Title: Motion for Appointment of Counsel on Appeal*

*Motion for Leave to File a Longer Motion*

*Motion for Certificate of Appealability and Statement of Reason*

*Why a Certificate Should Be Issued*

*Total Pages : 24 (not including cover page)*

*Total: 1 of 7*

David Meister #70703
ISCI 9B 39A
PO Box 14
Boise, ID 83707

Petitioner-Appellant, *pro se*

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID JOSEPH MEISTER, | No. 22-35830 |
| Petitioner-Appellant, | [Dist. Ct. # 1:19-cv-00173-DKG] |
| vs. | **MOTION FOR CERTIFICATE OF APPEALABILITY AND STATEMENT OF REASONS WHY A CERTIFICATE SHOULD BE ISSUED** |
| TYRELL DAVIS, | |
| Respondent-Appellee. | |

TO: PANEL ASSIGNED TO CONSIDER WHETHER OR NOT TO ISSUE CERTIFICATE OF APPEALABILITY

## INTRODUCTION

David Meister (age 18) confessed to the December 11, 2001, murder of Tonya Hart (age 21). He confessed that Jesse Linderman (age 20), Hart's fiancée, hired him to commit the killing. There was no forensic or direct proof that Meister committed the murder, and no evidence of conspiracy with Linderman other than Meister's confession. Therefore, it follows, the State's case relied on circumstantial

1

evidence and Meister's confession to prove guilt of murder and conspiracy. Necessarily, Meister's trial defense was to undermine the veracity of his confession, and combat the circumstantial indications of guilt by using evidence of alibi and evidence of a likely alternative perpetrator. The alternative perpetrator defense was permitted. However, the trial court prevented expert testimony that Meister was coerced into making the confession, and defense counsel inexplicably introduced evidence to *corroborate* the confession and omitted the most significant evidence of alibi. Because the evidence of guilt, though not overwhelming, was still strong, the combined effect of these defense flaws cost Meister any chance of success at trial. He was convicted and sentenced to life in prison without possibility for parole.

The basis of Meister's request for COA boils down to two primary categories of grievance related to how his defense was compromised at trial. First, Meister's trial court excluded expert testimony that would have explained why Meister would confess falsely and that he was in fact coerced (Arguments I - III). Second, a handful of egregious examples of ineffective assistance of counsel deprived Meister of a reasonable chance of disproving his confession and proving his alibi (Arguments V - VIII). Meister contends that a reasonable jury could have acquitted him if his trial had not been plagued by these errors.

As to yet, these errors have not received serious attention on review. None of

Meister's issues have been subject to meaningful merits analysis by a court at any stage of appeal, but instead were all stopped at the gate, so to speak, and summarily dismissed. Across the board, the basis of dismissal of each claim for relief on appeal was an unreasonable application of *Strickland v. Washington* (Argument IV), in combination with a faulty prejudice analysis based on an unreasonable finding of overwhelming evidence of guilt (Argument IX). Meister now asks the Ninth Circuit Court of appeals to issue COA and permit briefing to fully explain his reasons why he should prevail on appeal.

## ISSUES ON WHICH COA IS SOUGHT

1. Meister was deprived of his constitutional right to present evidence in support of his theory of defense because the trial court prohibited an expert from testifying that Meister's confession was coerced. His appellate counsel unreasonably failed to argue on-point and compelling federal law in support of this claim before the Idaho Supreme Court, which failure supplies the "cause" that excuses any procedural default.

2. Meister was deprived of his constitutional right to present expert testimony that his confession was coerced, and to proof of guilt beyond a reasonable doubt, because the Idaho Court of Appeals applied an unreasonable harmless-error analysis. His appellate counsel unreasonably failed to argue on-point and compelling federal law in support of this claim before the Idaho Supreme Court, which failure supplies the "cause" that excuses any procedural default.

3. Meister was deprived of his constitutional right to federal habeas corpus review of his claim that the trial court violated his right to present expert testimony that his confession was coerced, because appellate counsel failed to preserve argument under federal law. As an alternative theory of "cause" to excuse default, Meister proposes that appellate counsel's failure to federalize the issued raised on direct appeal is *per se* prejudicial under the *Strickland*

3

analysis.

4. Meister was deprived of his constitutional right to effective assistance of trial counsel and appellate counsel because Idaho courts have created a rule that unreasonably applies *Strickland* to exclude any challenge to counsel's conduct if it can be (even remotely) conceived as a matter of "strategy."

5. Meister was deprived of his constitutional right to effective assistance of counsel because trial counsel failed to present evidence to disprove Meister's confession.

6. Meister was deprived of his constitutional right to effective assistance of counsel because trial counsel failed to present evidence of Meister's alibi.

7. Meister was deprived of his constitutional right to effective assistance of counsel because trial counsel introduced false evidence that seemingly corroborated Meister's confession.

8. Meister was deprived of his constitutional right to effective assistance of counsel and to a trial by impartial jury because trial counsel failed to object to the jury's ability to overhear extrinsic evidence and argument while excused to the jury room, which lacked sufficient soundproofing.

9. The Magistrate's prejudice analysis was fundamentally flawed by an unreasonable finding of overwhelming evidence of guilt.

10. The Magistrate erred by denying Meister's claim of cumulative error.

11. The Magistrate erred by denying Meister's motion for discovery and evidentiary hearing.

## LEGAL STANDARD FOR ISSUANCE OF COA

A petitioner seeking COA must make a substantial showing of the denial of a constitutional right. The petitioner makes this showing by demonstrating that reasonable jurists could disagree with the district court's resolution of the

constitutional claim, or that reasonable jurists could conclude "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). The petitioner need not show the district court was wrong, nor even that the appeal will ultimately succeed, but only that the issues are "debatable" or otherwise worthy of clarification. *Id.*, at 337. Any doubts about whether COA should issue must be resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F.3d 102, 125 (9th Cir. 2000) (en banc).

## ARGUMENT

I. **Meister was deprived of his constitutional right to present evidence in support of his theory of defense because the trial court prohibited an expert from testifying that Meister's confession was coerced. His appellate counsel unreasonably failed to argue on-point and compelling federal law in support of this claim before the Idaho Supreme Court, which failure supplies the "cause" that excuses any procedural default.**

Claim One of the petition for habeas corpus relief alleges that the trial court violated Meister's constitutional right to present a defense witness when it prevented Dr. Richard Ofshe from testifying about coercive interrogation tactics that caused Meister to confess on August 29, 2002. (Dkt. 1-1 at 2-9.) The underlying facts of Claim One were argued by Meister's counsel at state direct appeal, but were limited to a theory of evidentiary error of state law. Related and overlapping federal law was not argued. Meister later argued on post-conviction and subsequent appeal that appellate counsel's failure to argue supporting federal

5

law compromised the appeal and also caused procedural default to collateral review by federal courts, and thus constituted ineffective assistance of counsel (Dkt. 10[1] PT1, #9, #1.)

At summary disposition of Claim One herein, the magistrate noted that IAC can sometimes excuse a failure-to-exhaust default to federal review, but ultimately decided that direct-appeal counsel were not ineffective, holding that *Strickland v. Washington* required the presumption that counsel acted reasonably because, generally, an evidentiary error is easier to show than a constitutional violation, and counsel can't be faulted for choosing the stronger legal approach. (Dkt. 24 at 16-17.) Being unable to find counsel ineffective, the magistrate found no "cause" to excuse default to habeas review. *Wainwright v. Sykes*, 433 U.S. 72 (1977). The magistrate also held that Meister failed to show prejudice from counsel's actions, though the magistrate made no prejudice analysis to explain this conclusion. (*Id.*) The magistrate's two-part holding is wrong in all aspects, as explained below.[2]

\* \* \*

First, the magistrate does not analyze the constitutional claim other than to

---

1 Meister was not provided copies of the records lodged by the State (Dkt. 17), and so is unable to refer to those documents. Meister was granted leave to lodge electronic copies of the state-court record of his trials and appeals (Dkt. 16), which files appear at Docket 10. Meister refers to his lodgement throughout this motion.

2 The magistrate's prejudice analysis for this claim and others is addressed in Argument II and IX below.

6

state it wouldn't have prevailed on appeal (Dkt. 24 at 17 n.4), and then speculates[3] about appellate counsel's rationale for omitting the constitutional claim, stating that "it's easier to show an evidentiary error than a federal constitutional claim." (*Id.* at 16.) In support, the magistrate cited *Jammal v. Van de Kemp*, 926 F.2d 918, 920 (9th Cir. 1991). Reasonable jurists, however, could debate the validity of the proposition that *Jammal* stands for this rule. In *Jammal,* the court contemplates whether admission of state evidence violates a defendant's due-process right to a fair trial–it does not specifically contemplate a defendant's due-process right to present a complete defense, which bears on the issue of whether Meister should have been permitted to present Ofshe's precluded expert testimony. Nor does *Jammal* actually hold that evidentiary claims are categorically stronger than constitutional claims.

* * *

Second, Meister's federal constitutional claim is simpler and stronger than

---

[3] Despite Meister's requests, appellate counsel were never heard from in this case, and there is no evidence in the record that appellate counsel weighed the pros and cons of making a federal law argument. Conversely, the facts that the constitutional argument is simple, complemented the state-law argument that was used, would have compelled reversal of conviction, and preserved the issue for federal collateral appeal (see Dkt. 19 at 6-7) all indicate that appellate counsel did not evaluate whether the federal argument would've been appropriate. Therefore, the magistrate's rationale for counsel's actions is unsupported speculation. *Harrington v. Richter*, 131 S.Ct. 700, 790 (2011) (courts "may not indulge post hoc rationalizations for counsel's decision making that contradicts the available evidence of counsel's action." (citation omitted).)

the state-law argument appellate counsel pursued. In *Crane v. Kentucky*, the Supreme Court explicitly upheld a defendant's Fifth and Fourteenth Amendment right to challenge the voluntariness of his confession–including challenge to the physical and mental circumstances under which his confession was extracted–even when the trial court has already ruled pre-trial that the confession was "voluntary" for admissibility purposes. 476 U.S. 683, 688-90 (1986).[4]

Idaho case law, on the other hand, was silent about the contours of a defendant's right to present expert testimony to challenge "voluntariness" and particular circumstances of his interrogation and confession.

Idaho-court precedent being unavailable, appellate counsel gambled on their interpretation of Idaho rules of evidence. And standing on the evidentiary argument alone was objectively unreasonable conduct by counsel because the neglected constitutional argument would not have been a gamble, being unmistakably in Meister's favor.

This is so because Meister's trial court acknowledged Ofshe's testimony to

---

4 The fairly recent ruling in *Boyer v. Vannoy*, 863 F.3d 428 (5th Cir. 2017), although finding *Crane* had not clearly established the right to present expert testimony *generally* about confessions and interrogations, the court nonetheless noted that *Crane* had clearly established the right to challenge the *particular* circumstances of the defendant's confession. *Id.* at 452 (applying AEDPA deference). Indeed, this Court in *Lunberg v. Hornbeak*, 605 F.3d 754, 760, 765 (9th Cir. 2010) applied *Crane* and suggested trial counsel could be constitutionally deficient for failing to call an expert on false confessions.

8

be qualified and admissible to (Dkt. 1-1 at Ex. C. at 8-9), but limited it on the basis that it would conflict with the court's pretrial determination that Meister's confession was "voluntary." (*Id.* at 9-10 ("This Court previously ruled on the issue of whether Meister voluntarily made the confession and thus, this ruling stands. . . . Dr. Ofshe is prohibited from testifying regarding the voluntariness of Meister's confession. . . .").) As indicated above, this is exactly the type of ruling struck down in *Crane*. There is simply no reasonable strategy for appellate counsel to neglect that authority.

To be clear, Ofshe <u>was never offered to opine whether the confession was true or false</u>, but rather was offered to identify specific coercive/suggestive interrogation tactics used against Meister and their effect on his mind. (Dkt. 10 PT1, #15 at 1922; Dkt. 19 at 20.) He also would have given expert testimony that Meister was in fact coerced into confessing, whether or not that confession was actually true. Moreover, Dr. Ofshe's opinion that Meister was coerced was clear under all alternate scenarios of the interrogation–the one offered by Meister, and the one offered by his interrogators. (Dkt. 10 PT1, Vol. 19 at 3843-62; Vol. 5 at 925-1095; see also Dkt. 19 at 18-19.) In a case involving the same expert (Dr. Ofshe), the Seventh Circuit addressed this exact situation, and held that Ofshe should have been permitted to testify about the coercive tactics employed against the defendant. *See U.S. v. Hall*, 93 F.3d 1337, 1345-46 (7th Cir. 1996).

9

The U.S. magistrate's opposite conclusion that Ofshe was justifiable precluded, therefore, appears to be on shaky ground. That opinion also appears to be in conflict with this Court's precedent in *Alcala v. Woodford*, 234 F.3d 862 (9th Cir. 2003).

In *Alcala*, the holding in *Crane* was applied to a factually different but legally similar scenario in which the trial court excluded evidence from psychologist Dr. Ray London who would have testified that the state's key witness adopted investigators' suggestions while under hypnotic trance. *Id.* at 875. The Court found the defendant's constitutional right to present a defense was violated, and reversed because (1) the ruling was contrary to the state's rules of evidence and (2) London's identification of hypnotic suggestions by police would have cast serious doubt on the witness's credibility. *Id.* at 873-79. *Alcala* is applicable here because Ofshe, like London, would have testified to particular instances of police suggestiveness, that testimony complied with state rules of evidence (*State v. Amarez*, 154 Idaho 582, 600 (2013); Dkt. 19 at 20-21), and the evidence was crucial to Meister's defense. Ofshe was permitted to testify generally about coercive interrogation tactics known to cause false confessions, <u>but was robbed of his punchline that carefully identified them in both the disputed and undisputed facts, and that Meister was in fact coerced into confessing</u>. Meister's defense therefore went incomplete. *Holm v. South Carolina*, 547 U.S. 319, 324 (2006)

(defendants have right to a complete defense that complies with rules of evidence). Because the confession was key to the state's case, Meister "had a right to present evidence to prove the confession was false." *Boyer*, 863 F.3d at 460 (Judge Graves dissenting).

The Court is respectfully referred to Docket 10 PT1, Vol. 19 at 3843-62; Vol. 5 at 925-1095; and Tr. 2956-80 for the details of Ofshe's trial testimony and proffer of his excluded testimony. (Argument for its admissibility under state law and its importance to Meister's defense also appears at Docket 19, pages 17-22, 26-29.) For these cited reasons and those argued above, it is at least "debatable" that appellate counsel were deficient for neglecting the constitutional argument on appeal, and COA should issue on the question of whether "cause and prejudice" exists to excuse default of Claim One.

\* \* \*

Third, the proposition that "evidentiary error is easier to show than constitutional error and so counsel are never ineffective for omitting constitutional argument" presents criminal defendants with a legal impasse between the right to counsel on direct appeal and the right to petition for federal writ of habeas corpus. Under that proposition, if accepting assistance from appellate counsel, a prisoner must then fail to exhaust and thus forfeit the constitutional claim. Or must the prisoner proceed *pro se* on direct appeal in attempt to satisfy AEDPA exhaustion

11

requirements in order to preserve later federal collateral review? Jurists of reason could debate the constitutionality of such a Hobson's Choice.

Indeed, if the magistrate is correct that *Strickland*'s presumption-of-reasonable-strategy standard necessarily allows counsel to strip their clients of meritorious federal appeal (or, for that matter, if the exhaustion doctrine of AEDPA pits two constitutional rights against each other), then reasonable jurists could debate whether *Strickland* or AEDPA, in itself, violates the constitutional right to assistance from counsel or right to petition for federal habeas corpus relief. *See Boumedine v. Bosh*, 553 U.S. 723 (2008) (constitutionally adequate appellate procedure must at least include a meaningful opportunity to satisfy the requirement of AEDPA).

Furthermore, by the magistrate's logic, a state appellate public defenders office could be permitted to *systematically* exclude federal constitutional arguments whenever a state evidentiary error could be argued in lieu– systematically defaulting federal habeas review. Obviously this kind of policy of a state agency would create a lack of "independent and adequate state procedural ground" for inmates in that state to present federal claims (*Wainwright*, 473 U.S. at 87), which would be an excuse to the AEDPA exhaustion rule and permit federal habeas review. 28 U.S.C. sec 2254(b)(1)(B)(i)-(ii). Reasonable jurists could debate the constitutionality of such a practice by offices of public defenders.

**II. Meister was deprived of his constitutional right to present expert testimony that his confession was coerced, and to proof of guilt beyond a reasonable doubt, because the Idaho Court of Appeals applied an unreasonable harmless-error analysis. His appellate counsel unreasonably failed to argue on-point and compelling federal law in support of this claim before the Idaho Supreme Court, which failure supplies the "cause" that excuses any procedural default.**

Claim Two alleged that the Idaho Court of Appeals violated Meister's constitutional right to present a complete defense and right to proof of guilt beyond a reasonable doubt when it found the limitation of Ofshe's testimony to be harmless because (1) counsel argued his theories in closing and (2) evidence of Meister's guilt was overwhelming. (Dkt. 1-1 at 10-12.) Meister's state post-conviction and subsequent appeal provided each level of Idaho's courts fair opportunity to decide whether appellate counsel were deficient for neglecting these constitutional issues. (Dkt. 19 at 5, para 2.) The magistrate herein noted that ineffective appellate counsel may be "cause" to excuse exhaustion default (Dkt. 24 at 12-16), but ultimately held there was no "cause" in this case, that counsel were not ineffective for foregoing federal constitutional argument. (*Id.* at 16-17.) However, it is well-established that criminal defendants have a right to present witnesses, including experts, necessary to a complete defense. *See Holms*, 457 U.S. at 324; *Chambers*, 410 U.S. at 294; *Washington*, 388 U.S. at 19; *Crane*, 476 U.S. at 687. The Idaho Court of Appeals's opinion that the limitation of Dr. Ofshe was harmless because defense counsel applied Ofshe's theory during closing arguments

13

(*State v. Meister*, No. 39807, 2014 WL861717, at *7-8 (Idaho. Ct. App. Mar. 4, 2014) (unpublished))) is plainly in conflict with SCOTUS precedent that establishes the <u>right to present evidence.</u> Idaho's opinion that it is sufficient if counsel attempts to apply the science in closing arguments in lieu of actual testimony from the expert is unreasonable on its face because argument from counsel is not qualified expert opinion, may be incorrect, is obviously biased in favor of the defense, and is *not evidence*. (Dkt. 19 at 26-29.) The proposition that counsel's argument is "good enough" (beyond a reasonable doubt, no less) is clearly in conflict with *Crane*'s upholding of a defendant's right to present *evidence* to challenge the circumstances and voluntariness of his confession. 476 U.S. at 687-88.

Additionally, the appellate court's opinion is based on an unreasonable determination of the facts insofar as it speculated that trial counsel correctly applied Ofshe's theory to the facts of Meister's interrogation. *Meister* at 8. Ofshe's theory was, in fact, inadequately applied by defense counsel at closing arguments: (See Dkt. 19 at 28-29 for examples.) And of course, counsel did not–and could not–offer expert argument that Meister was actually psychologically coerced. The limitation on Ofshe deprived the defense of medical evidence that Meister produced the confession because of psychological coercion. (See Dkt. 10 PT2, Vol. 5 at 1026-32.)

The appeals court found, secondarily, that error was harmless because, in its view, evidence of guilt was overwhelming. *Meister*, at 8-10. That decision, however, was made in a one-sided vacuum of the state's version and presentation of facts, and for that reason (discussed thoroughly at Argument IX of this motion) the court's conclusion is both unreasonable under constitutional law and unreasonable under the facts. (*See also* Dkt. 19 at 22-26.)

Reasonable jurists could differ about the competence of appellate counsel's failure to use federal constitutional authority that clearly combatted Idaho's unreasonable harmless-error analysis in this case, and, thus, it is debatable whether the U.S. magistrate erred by not finding "cause" to excuse exhaustion default of these arguments.

**III. Meister was deprived of his constitutional right to federal habeas corpus review of his claim that the trial court violated his right to present expert testimony that his confession was coerced, because appellate counsel failed to preserve argument under federal law. As an alternative theory of "cause" to excuse default, Meister proposes that appellate counsel's failure to federalize the issued raised on direct appeal is *per se* prejudicial under the *Strickland* analysis.**

At state post-conviction, subsequently upon state appeal, and before the U.S. District Court (magistrate) herein, Meister argued that appellate counsel's failure to federalize the appellate issue (restated herein as Claims One and Two)–that is, to preserve it for federal collateral review–is analogous to an instance when trial counsel fails to file a notice of appeal, which failure is construed as *per se*

15